**Eleanor LINDQUIST, Appellant,**

v.

**Jeffrey C. LINDQUIST, Appellee.**

**No. 06–35821.**

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 14, 2008 *.

Filed Jan. 22, 2008.

Eleanor Lindquist, Foster City, CA, pro se.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ann K. Chapman, Vanden, Bos & Chapman, Portland, OR, for Appellee.

Before: HALL, O'SCANNLAIN, and PAEZ, Circuit Judges.

MEMORANDUM **

Eleanor Lindquist appeals pro se from the district court's judgment dismissing her appeal from a bankruptcy court's order dismissing without prejudice her adversary complaint in Jeffrey Lindquist's Chapter 13 bankruptcy proceedings. We have jurisdiction pursuant to 28 U.S.C. §§ 158(d) and 1291. We review de novo, *Zimmer v. PSB Lending Corp. (In re Zimmer),* 313 F.3d 1220, 1222 (9th Cir. 2002), and we affirm.

The bankruptcy court properly determined that any liability for the causes of action in Ms. Lindquist's complaint, all of which were fraud-based, was subject to discharge at the completion of Mr. Lindquist's Chapter 13 bankruptcy proceedings under the applicable law. *See* 11 U.S.C. § 1328(a) (2004) (allowing discharge of fraud-related debts); *see also In re Gregory,* 705 F.2d 1118, 1120 n. 2 (9th Cir.1983) (noting that the applicable version of § 1328(a) "clearly authorizes the discharge of all debts provided for in the plan, including fraud-related debts").

Contrary to Ms. Lindquist's contentions, she received adequate notice prior to the

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

bankruptcy court's dismissal of her complaint and an opportunity to object, and, thus, the bankruptcy court did not violate her due process rights. *See Rio Prop., Inc. v. Rio Int'l Interlink,* 284 F.3d 1007, 1016–17 (9th Cir.2002) (stating that due process requires notice "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections") (internal quotation marks and citation omitted).

Accordingly, the district court did not err by dismissing the appeal from the bankruptcy court's order.

Contrary to Ms. Lindquist's contentions, the bankruptcy court was not required to submit findings of fact and conclusions of law to the district court under Federal Rule of Civil Procedure 52 because Ms. Lindquist's action was not "tried on the facts." *See* Fed.R.Civ.P. 52(a) (requiring findings and conclusions where an action is "tried on the facts without a jury or with an advisory jury"); Fed. R. Bank. P. 7052 (applying Fed.R.Civ.P. 52 to adversary bankruptcy proceedings).

Because we affirm the district court's order, we deny Ms. Lindquist's request for reassignment to a different bankruptcy judge and her request for costs on appeal. We also deny Mr. Lindquist's motion to strike.

**AFFIRMED.**